IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.5:11-CV-516-FL

| | |
|---|---|
| JEFFREY L. AUGUSTINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE MANAGEMENT |
| STAY-RIGHT PRE-CAST CONCRETE, ) | ORDER |
| INC., and LINDSAY CONCRETE ) | and |
| PRODUCTS, CO., INC., ) | ORDER ON MOTION TO DISMISS |
| ) | |
| Defendants. ) | |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by telephone in this case on October 19, 2011, with plaintiff appearing through counsel James E. Hairston, and defendants appearing through counsel Yash B. Dave. After reviewing the parties' joint report and plan, filed October 21, 2011, the court orders the following:

### I. Discovery

A.  The parties shall exchange by **November 2, 2011**, the information required by Federal Rule of Civil Procedure 26(a)(1).

B.  Discovery will be necessary subjects outlined by the parties in the joint report and plan. Reference is made to pages two and three of the joint report.

C.  All discovery shall be commenced or served in time to be completed by **June 30, 2012**.

D.  The parties do not anticipate any issues involving electronically stored information

or protection or privilege of trial-preparation materials.

E. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party. Responses are due 30 days after service of those interrogatories.

F. No party shall serve more than 25 requests for admissions to any other party. Responses are due 30 days after service of those requests for admissions.

G. There shall be no more than 10 depositions by plaintiff and 10 by defendants.

H. Each deposition shall be limited to 7 hours, unless otherwise agreed by the parties.

I. Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by plaintiff by **April 30, 2012**, and by defendants by **May 30, 2012**. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999) or similar case law, **within fourteen (14) days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (<u>e.g.</u>, whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

J. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In

addition, such supplemental disclosures shall be served by **May 21, 2012**. The supplemental disclosures served forty (40) days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures forty (40) days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party <u>before</u> the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. <u>See</u> Fed. R. Civ. P. 37(c)(1).

K. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. <u>See</u> Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

## II. Motions

A. Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

B.  Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **December 15, 2011**.

C.  Defendants' motion to dismiss, to which plaintiff has failed to respond, filed October 3, 2011 (DE # 8), wherein defendants urge Count III of the complaint fails to state a claim upon which relief can be granted and should be dismissed, comes now before the court. After careful consideration, for certain reasons advanced by defendants, the claim is now dismissed, where under the facts alleged, taken as true, plaintiff has failed to state a claim for negligent infliction of emotional distress. Defendant's motion is ALLOWED.

D.  All other potentially dispositive motions shall be filed by **July 31, 2012**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.

E.  Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties to resolve the matter, unless the time for filing such a motion is extended for good cause shown. Prior to any filing, the complaining party shall convene a conference among the parties and this court by telephone through the office of the case manager, at (252) 638-8534. In the event of a discovery dispute of or relating to written discovery, the party convening the conference shall send via facsimile transmittal directed to the case manager at (252) 638-1529, the submissions in discovery most

4

directly bearing on the particular dispute, for the court's review in advance of telephonic conference. Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Disputes in discovery which are reduced to writing, timely filed, and where conference with this court in advance of filing has been unable to resolve said dispute, ordinarily will be referred to a magistrate judge for ruling.

F. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

### III. Alternative Dispute Resolution ("ADR")

A. A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Civil Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

B. This case has been automatically selected for mediation. Reference is made to Local Civil Rule 101.1 *et. seq.* The parties agree to complete mediation by July 20, 2012. The parties shall provide joint letter with the court by **June 30, 2012**, identifying the mediator and the date set for mediation.

C. If at any time a settlement is reached, it shall be reported immediately to this court.

The parties shall refer to Local Civil Rule 101.1e for their specific obligations.

## IV. Other Matters

A.  The court notes the possible scheduling issue raised by counsel for defendants, for September 4, 2012.

## V. Pretrial and Trial

A.  This case is set for a jury trial during a civil term commencing on or after January 1, 2013, once the court's calendar for 2013 is published. The parties did not provide the anticipated length of trial.

B.  Pursuant to Federal Rule of Civil Procedure 16(e), a final pretrial conference will be scheduled before the undersigned at the United States Courthouse, New Bern, North Carolina at a date and time approximately two weeks in advance of trial pursuant to notice of the clerk of court which shall issue approximately two months prior to the trial term. Each party appearing in this action shall be represented by the attorney who is to have charge of the conduct of the trial on behalf of such party.

C.  At the final pretrial conference the court will:

1.  Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1).

2.  Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2).

3.  Rule upon motions relating to admissibility of evidence, to the extent possible in advance of trial. Where the evidentiary question or issue can be anticipated before the final pretrial conference, motion contemplated by Local

6

Civil Rule 39.1(a), shall be filed **fourteen (14) days** prior to the final pretrial conference, thereby permitting sufficient time for any written response in advance of conference. Where the question or issue bearing on admissibility of evidence cannot reasonably be contemplated in advance of the final pretrial conference, any motion in limine must be filed not later than **seven days** prior to the start of the trial session. Local Civil Rule 39.1(a).

4. Where trial of a matter involves a bench trial, discuss generally the nature of the parties' anticipated proposed findings of fact and conclusions of law, to discern areas of agreement which may obviate necessity for proof, and those matters in dispute. Proposed findings of fact and conclusions of law are required to be filed after the conference, **seven days** prior to the start of the trial session. Local Civil Rule 52.1. Counsel also shall submit an electronic copy of said proposed findings of fact and conclusions of law to chambers, in WordPerfect format, at the following email address: **proposedorders_nced@nced.uscourts.gov**.

5. Where trial of a matter involves a jury trial, discuss generally the nature of the parties' anticipated proposed jury instructions, to discern areas of agreement and disagreement. Proposed instructions are required to be filed after the conference, **seven days** prior to the start of the trial session. Local Civil Rule 51.1. Counsel also shall submit an electronic copy of said proposed jury instructions to chambers, in WordPerfect format, at the following email address:

7

**proposedorders_nced@nced.uscourts.gov**.

6. Where trial of a matter involves a jury trial, consider proposed verdict form jointly required to be submitted by counsel to chambers (but not filed), together with the parties' pretrial order referenced in paragraph D below, **seven days** prior to the final pretrial conference, and where there is disagreement as to form, this jointly prepared submission shall disclose the basis for a party's objection and a proposed alternative verdict form. Counsel shall also submit an electronic copy of said documents to chambers, in WordPerfect format, at the following email address: **proposedorders_nced@nced.uscourts.gov**.

7. Where this conference presents the final opportunity to prevent wasting trial time on pointless or undisputed matters, endeavor to streamline the trial, including but not limited to, where applicable, consideration of: bifurcation; presentation of non-critical testimony by deposition excerpts; stipulations as to the content of testimony; submission at bench trial of witnesses' testimony as narrative written statements, which can be received at trial in lieu of direct testimony subject to objections and cross-examination of witnesses; and qualification of experts by admitted resumes; and

8. Explore once more the opportunities for settlement.

D. Not later than **seven days** prior to the final pretrial conference, counsel shall submit to chambers (but not file) the parties' proposed pretrial order. Local Civil Rule 16.1(b). This submission shall comply with the form specified in Local Civil Rule

16.1(c). Pursuant to Local Civil Rule 16.1(c)(3), and Federal Rule of Civil Procedure 26(a)(3), objections not disclosed in the pre-trial order are waived unless excused by the court for good cause. The parties shall submit at the beginning of the trial copies of all exhibits. Local Civil Rule 39.1(b).

E. In jury cases, the court will conduct the examination of jurors. Not later than **seven days** prior to the start of the trial session, counsel shall file a list of any voir dire questions counsel desires to ask the jury. Local Civil Rule 47.1(b). Failure to timely file proposed questions will be deemed a waiver of any supplemental inquiry.

F. In jury cases, a joint statement of the case will be read by the court to the prospective panel of jurors before commencement of voir dire. Counsel shall file a joint statement of the case not later than **seven days** prior to the start of the trial session. Unless the case is extremely complex, this statement, the purpose of which is to acquaint the jury with the nature of the case and to provide a basis for certain voir dire questions, should not exceed one paragraph.

G. Counsel are required to receive training on the evidence presentation system in the courtroom in advance of initial use. Counsel should review all related documentation appearing on the court's website, including information concerning formatting of evidentiary DVDs. Procedures are described for scheduling training in advance, as required, on system use generally, and for verifying compatibility of evidentiary DVDs in advance of presentation at hearing or trial.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and

9

Case 5:11-cv-00516-FL Document 13 Filed 11/01/11 Page 9 of 10

trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 1st day of November, 2011.

_____
LOUISE W. FLANAGAN
United States District Judge

10